IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>    v.<br><br>1. Tyler Kontos,<br>2. Joel Max Kupetz, and<br>3. Jorge Kinds,<br><br>              Defendants. | CR-25-00915-PHX-SMB<br><br>**Order** |

      Because the use of a Filter Team is a lawful and appropriate measure to safeguard Potentially Protected Material, the Court **GRANTS** the Government's Unopposed Motion for Entry of a Discovery Protocol Governing the Production of Potentially Protected Material pursuant to Federal Rule of Criminal Procedure 16.

**IT IS ORDERED**:

      1.     This Discovery Protocol Order (the "Protocol") governs the production of Potentially Protected Material[1] in this case.

      2.     The Government's Filter Team shall segregate Potentially Protected Material from the Prosecution Team and Defendants unless the Court or the ostensible holder of the

---

[1] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

potential privilege(s) or protection(s) authorizes the production of the Potentially Protected Material to the specific recipient.

3. The Filter Team shall produce discovery material that is not Potentially Protected Material to the Prosecution Team, which will then produce the material to Defendants.

4. If a Defendant is the ostensible holder of the potential privilege(s) or protection(s) or is entitled to access the Potentially Protected Material through a joint-defense agreement ("JDA"), the Filter Team shall produce a full copy of the Potentially Protected Material to the Defendant.[2]

5. If a Defendant is the ostensible holder of the potential privilege(s) or protection(s), the Filter Team shall notify that Defendant before producing any of the Defendant's Potentially Protected Material to the Prosecution Team or a Co-Defendant who is not entitled to access by virtue of a JDA or other document sharing arrangement using the following procedure:

    a. Notice: The written notice to the ostensible holder of the potential privilege(s) or protection(s) shall include:

        i. An electronic index identifying the Potentially Protected Material scheduled for production;

        ii. A copy of this Protocol.

    b. Objections: If the Defendant who is the ostensible holder of the potential privilege(s) or protection(s) objects to the Filter Team's production of certain items to Co-Defendants or the Prosecution Team, the Defendant must send a written objection to the Filter Team and counsel for Co-Defendants within

---

[2] Unless otherwise noted, dates and times in this Order shall be computed according to Federal Rule of Criminal Procedure 45.

thirty (30) days of receiving the notice of scheduled production. The objection shall include a privilege log setting forth, for each item logged:

  i. The Bates number range for the item;
  ii. The item title or a description of the item's subject matter;
  iii. The date the item was created;
  iv. The author(s) of the item;
  v. The recipient(s) of the item, if any;
  vi. Transmittal details of the item, if any;
  vii. The party asserting the potential privilege(s) and/or protection(s); and
  viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged and a description sufficient to enable evaluation of that assertion, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

c. <u>Non-Logged Potentially Protected Material</u>: The Filter Team will produce to the Prosecution Team and Co-Defendants the Potentially Protected Material that the ostensible holder of the potential privilege(s) or protection(s) does not include an objection for on the privilege log without the need for the Court's approval.

d. <u>Failure to Object or Assert</u>: If the ostensible holder of the potential privilege(s) or protection(s) fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Co-Defendants with information regarding the Filter Team's attempts to contact the ostensible holder of the potential privilege(s) or protection(s) and the subsequent failure to respond. Thereafter, the Government or Co-Defendants may forego Subparagraphs (f)–(i) below and move the Court for a finding that the ostensible holder of the potential privilege(s) or protection(s) has waived any privilege(s) and/or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

e. <u>Failure to Comply</u>: If the ostensible holder of the potential privilege(s) or protection(s) fails to (i) provide to the Filter Team and Co-Defendants a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

- 3 -

  f. <u>Meet and Confer Requirement</u>:  The Filter Team shall have fourteen (14) days from the receipt of any objection(s) and required privilege log to meet and confer with the ostensible holder of the potential privilege(s) or protection(s) to try and resolve any disagreements concerning the objection(s).  All Defendants shall be given notice of the date and time of the meet and confer and may participate through counsel.

  g. <u>Motion to Compel</u>:  The Filter Team and/or Co-Defendants shall have fourteen (14) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material.  The moving party shall include with its motion a copy of the objection and privilege log, as well as a memorandum containing any factual or legal arguments.  Upon the Court's request, the objecting Defendant shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

  h. <u>Response</u>: The objecting Defendant shall file a response within fourteen (14) days of the filing of a motion to compel under this Protocol.

  i. <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within fourteen (14) days of the objecting Defendant's response.

6. If a non-party to this case is the ostensible holder of the potential privilege(s) or protection(s) of any Potentially Protected Material, the Filter Team shall notify the non-party before producing their Potentially Protected Material to the Prosecution Team and/or Defendants.  However, if this notice would jeopardize an ongoing investigation, the Filter Team shall instead seek authorization from the Court on how to produce the Potentially Protected Material to the Defendants and/or the Prosecution Team.  Absent the potential to jeopardize an ongoing investigation, the following procedure will apply when the ostensible holder of the potential privilege(s) or protection(s) over any Potentially Protected Material is a non-party:

  a. <u>Existence of a JDA</u>: The Filter Team shall produce a non-party's Potentially Protected Material to a Defendant if that Defendant is entitled to access through a JDA or other document sharing arrangement.

b. <u>Notice</u>:  The written notice to a non-party shall include:

   i. The criminal case number of this proceeding;
   ii. An electronic index identifying the Potentially Protected Material scheduled for production;
   iii. An electronic copy of the Potentially Protected Material scheduled for production;
   iv. A copy of any protective order in this case; and
   v. A copy of this Protocol.

c. <u>Objections</u>:  If the non-party objects to the Filter Team's production of certain items to Defendants and/or the Prosecution Team, the non-party must send a written objection to the Filter Team and counsel for Defendants within thirty (30) days of receiving the notice of scheduled production.  The objection shall include a privilege log setting forth, for each item logged:

   i. The Bates number range for the item;
   ii. The item title or a description of the item's subject matter;
   iii. The date the item was created;
   iv. The author(s) of the item;
   v. The recipient(s) of the item, if any;
   vi. Transmittal details of the item, if any;
   vii. The party asserting the potential privilege(s) and/or protection(s); and
   viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged and a description sufficient to enable evaluation of that assertion, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

d. <u>Non-Logged Potentially Protected Material</u>:  The Filter Team will produce to the Prosecution Team and Defendants the Potentially Protected Material that the non-party does not include an objection for on the privilege log without the need for the Court's approval.

e. <u>Failure to Object or Assert</u>:  If the non-party fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Defendants with information regarding the Filter Team's attempts to contact the non-party and the subsequent failure

to respond.  Thereafter, the Government or Defendants may forego Subparagraphs (g)–(j) below and move the Court for a finding that the non-party waived any privilege(s) or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

    f. <u>Failure to Comply</u>: If a non-party fails to (i) provide to the Filter Team and Defendants a privilege log that complies with Subparagraph (c) above, or (ii) meet and confer in accordance with Subparagraph (g) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

    g. <u>Meet and Confer Requirement</u>:  The Filter Team shall have fourteen (14) days from the receipt of any objection(s) and required privilege log to meet and confer with the non-party to try and resolve any disagreements concerning the objection(s). The non-party and Defendants shall be given notice of the date and time of the meet and confer and may participate through counsel.

    h. <u>Motion to Compel</u>:  The Filter Team and/or Defendants shall have fourteen (14) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material.  The moving party shall include with its motion a copy of the non-party's objection and log, as well as a memorandum containing any factual or legal arguments.  The moving party must also serve a copy of the motion and attachments on the non-party. Upon the Court's request, the objecting non-party shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

    i. <u>Response</u>: The objecting non-party shall file a response within fourteen (14) days of the filing of a motion to compel under this Protocol.

    j. <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within fourteen (14) days of the objecting non-party's response.  The moving party must also serve a copy of the reply and attachments on the non-party.

7.    An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-Potentially Protected Material to Defendants and/or the Prosecution Team by providing a written objection to the recipient Defendants and/or the Prosecution Team detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s).  The Filter Team will

promptly claw back the identified material from the Prosecution Team. Any Defendant who is not also a holder of the privilege(s) and/or protection(s) (or entitled to access by virtue of a JDA or other document sharing arrangement) must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if the Defendant disclosed it before receiving the objection. The identified material will then be treated as Potentially Protected Material under Paragraph five (5) or six (6), whichever is applicable.

8. The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

9. Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to the Prosecution Team, Defendants, or a non-party under this Protocol or subsequent order in this proceeding, shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

10. All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver. Under Federal Rule of Evidence 502(d), a production to

determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

11. If any member of the Prosecution Team inadvertently reviews Potentially Protected Material, the Prosecution Team member shall immediately cease review of the Potentially Protected Material and turn the Potentially Protected Material over to the Filter Team for processing in accordance with this Protocol. Inadvertent review of Potentially Protected Material shall not automatically disqualify a Prosecution Team member from this matter.

12. The Parties and non-parties subject to this Protocol may extend its deadlines by written agreement or by requesting the same from the Court upon good cause shown.

13. The Filter Team shall provide a copy of this Protocol to all non-parties who are known ostensible holders of potential privilege(s) or protection(s) over any Potentially Protected Material within five (5) days of the entry of this Order, unless the Filter Team determines that such notice would jeopardize an ongoing investigation.

**SO ORDERED.**

Dated this 8th day of December, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge